OF THE

STATE OF WASHINGTON,

AT THE

# JANUARY SESSION, 1892.

[No. 443.   Decided March 1, 1892.]

HERMAN CHAPIN, *Appellant,* v. D. M. BOKEE AND J. H. McGRAW, *Respondents.*

APPEAL—EVIDENCE—EXECUTION LEVY—CLAIMS OF THIRD PARTIES—PLEADING.

Documents offered in evidence in a proceeding to recover personal property, held under levy by a sheriff, will be stricken from the record on appeal unless included in a statement of facts or bill of exceptions.

Under Code 1881, ch. 33, providing that where any person other than the judgment creditor claims property levied upon or attached, setting forth his ownership by affidavit, and giving bond to make good his title or return the property, said affidavit and bond shall be placed upon the trial docket, with the claimant as plaintiff and the sheriff and plaintiff in the execution as defendants, no pleading other than such affidavit is necessary, and an answer thereto is not contemplated by the statute.

*Appeal from Superior Court, King County.*

Proceeding by Herman Chapin against D. M. Bokee and J. H. McGraw, sheriff, to recover certain personal property levied upon under an execution against one Thomas

F. Robertson.    Judgment for defendants, and plaintiff appeals.

*Gale, Fay & Henderson,* for appellant.

*Preston, Carr & Preston,* for respondents.

The opinion of the court was delivered by

Scott, J.—The respondent D. M. Bokee brought suit against one Thomas F. Robertson, and obtained a judgment for $686.06. An execution issued thereon and was, on December 5, 1890, placed in the hands of the respondent John H. McGraw, then sheriff of King county, for levy. The said sheriff, by virtue of said writ, on December 6, 1890, levied on certain lumber and materials situated in a certain lumber yard in King county, known as the "West Seattle Lumber Yard." The sale of this property under said levy was advertised for December 16, 1890.

On December 13, 1890, the appellant Herman Chapin filed his affidavit under chapter 33 of the Code of Washington, setting forth that he was the owner and in possession of said property under and by virtue of a bill of sale duly executed by said Robertson on October 25, 1890, the same being recorded on the same day in the auditor's office of King county in the proper record book, and reciting the said levy, etc., making his formal claim to said property and the possession of it, and claiming that said sheriff had no right whatever to levy upon said property, and with said affidavit appellant submitted the bond required in such cases. On these facts this matter regularly went before the court March 3, 1891, for trial. A jury was waived, and the trial proceeded before the court. Plaintiff offered the bill of sale aforesaid in evidence. Defendant objected to its admission on the ground that it was immaterial, and in violation of the statutes of this state relating to the estates of insolvent debtors, and because it did not include

all of Robertson's creditors generally. The bill of sale, however, subject to these objections, was admitted as evidence in the case. Plaintiff rested. Defendants offered no evidence, but moved for judgment. Whereupon the court rendered judgment against the plaintiff in this special proceeding for the amount of the former judgment, with interest and costs, on the grounds that said bill of sale was given in contemplation of insolvency, and as such was void on its face, because it did not include all the creditors of Robertson, and, particularly, said claim of defendant Bokee, and that it was not entitled to be received in evidence.

The appellant took no steps to have any statement of facts or bill of exceptions settled, and the cause comes here certified only by the clerk of the lower court. The respondents move to strike the bill of sale aforesaid from the transcript on the ground that it is no proper part thereof and could only come here by a statement of facts or bill of exceptions. This motion is well taken, and must be granted. There is no statute authorizing matters of evidence to be brought here as this document came, and was none when this appeal was taken. It could form no part of the judgment roll or record unless included in a statement of facts or bill of exceptions. There is no finding of fact that such a bill of sale was executed, but it was referred to as a document purporting to be a bill of sale as aforesaid, and the court found that the objections to its admission were well taken, and subsequent to its conditional admission as stated he virtually ruled it out of evidence.

The appellant claims and made the point below that he was entitled to judgment on the ground that the respondents failed to deny the matters alleged in his affidavit; that without any answer no issue was raised, and his case stood confessed. The court held that no answer was necessary, and that the case stood for trial upon the allegations of the

affidavit without any denial, and that the plaintiff in said special proceeding must make his claim good by proof.

The chapter referred to provides that—

" SEC. 350. When any other person than the judgment debtor shall claim property levied upon or attached, he may have the right to demand and receive the same from the sheriff or other officer making the attachment or levy, upon his making an affidavit that the property is his, or that he has a right to the immediate possession thereof, stating on oath the value thereof, and giving to the sheriff or officer a bond, with sureties in double the value of such property, conditioned that he will appear at the next term of the district court of the county in which the property was seized, which shall commence ten days or more after the bond is accepted by the sheriff or other officer, and make good his title to the same or that he will return the property or pay its value to the said sheriff or other officer."

"SEC. 352. The officer shall return the affidavit, bond and justification, if any, to the office of the clerk of the district court, and the clerk shall place the same upon his trial docket at the first term, which shall commence ten days or more after it was accepted by the sheriff or officer as above provided for, and it shall stand for trial at that term."

"SEC. 353. The person claiming the property shall be plaintiff, and the sheriff and plaintiff in the execution defendants."

"SEC. 354. If the claimant makes good his title to the property, the bond shall be canceled; if to a portion thereof, a like proportion of the bond shall be canceled; but if he shall not maintain his title, judgment shall be rendered against him and his sureties for the value of the property, or for such less amount as shall not exceed the amount due on the original execution or attachment."

It nowhere makes provision for any answer or other pleading. It requires the claimant to appear and make good his title to the property. It provides that the proceeding may be tried at any time after ten days, and the

general provisions as to the time for pleading in other causes would not apply. It is a proceeding somewhat summary in character, and no pleadings other than the affidavit mentioned, if that is to be considered one, seem to have been contemplated. It is irregular in any view that can be taken of it. Doubtless the defendants in such proceedings can contest the claim and introduce evidence to contradict the evidence of the plaintiff. If it had been intended to require them to file an answer, most likely the plaintiff would have been required to file a complaint, and some time would have been specified within which an issue should have been formed in this manner. It would be straining the rules of pleading considerably to hold the affidavit to be a complaint. If the claimant had desired a formal trial he could have brought an action in replevin, or the substituted one provided by the code which we have held in the case of *Scott v. McGraw*, 3 Wash. 675 (29 Pac. Rep. 266), to be a concurrent remedy with the one here instituted. The only adjudicated case upon statutory provisions substantially like the foregoing to which our attention was called is *Betton v. Willis*, 1 Fla. 226. The court there lay stress upon the fact that the jury were required to be sworn to try the right of property, not to try the issue, Our statutory provisions make no mention of any issue, nor of a trial by jury. The right to a jury trial of such matters, however, doubtless exists, and the sole question is, was the claimant the owner of the property or entitled to its possession? We are of the opinion that no error is shown in the premises.

Had the bill of sale been properly brought here a different holding might have resulted, for as at present advised we are inclined to the view that a debtor can, without fraud, place his property in the hands of a third party to pay his indebtedness without resorting to the statutory proceedings relating to insolvent debtors. It might be

necessary to show by further proof that some steps had been taken to carry such bill of sale, or assignment, into effect. There was nothing in the bill of sale in this case showing that all of the debtor's property was thereby attempted to be transferred, and there was no proof upon the subject. Any creditor attacking it would at least be bound to show that the debtor had not retained sufficient property subject to execution to satisfy his demand.

The plaintiff moved for a new trial, and filed affidavits setting forth certain matters which he desired to introduce in evidence which were known to one of his attorneys, who was sick and unable to attend the trial, and of which his attorney who did try the cause had no knowledge, and on the ground of surprise and of newly discovered evidence, and he assigns as error the refusal of the court to grant the same. But we do not think there was any abuse of the discretion resting in the court in this respect.

Judgment affirmed.

ANDERS, C. J., and DUNBAR and STILES, JJ., concur.

HOYT, J., dissents.