[No. 17924.  Department One.  December 7, 1923.]

E. H. SHAMEK, *Sole Trader etc., Respondent*, v. METRO-POLITAN BUILDING COMPANY, *Appellant*.[1]

LANDLORD AND TENANT (54, 55)—DISTURBANCE—POSSESSION BY LANDLORD AND THIRD PERSONS—LIABILITY—LOSS OF GOODS—EVIDENCE—SUFFICIENCY. The evidence sustains the liability of a landlord to his tenant for loss of goods stolen from the premises by parties unknown, where it appears that, before the termination of the tenancy, he wrongfully entered for the purpose of remodeling the building, tore out partitions and cut openings in the walls, exposing the goods to the thefts.

NEW TRIAL (24)—VERDICT CONTRARY TO EVIDENCE—DISCRETION OF TRIAL JUDGE. The supreme court will not interfere with the discretion of the trial judge in determining the weight of the evidence upon denying a motion for a new trial.

APPEAL (142)—EXCEPTIONS TO INSTRUCTIONS—NECESSITY. Error cannot be assigned upon instructions or requests therefor to which no exception was taken.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 24, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Kerr, McCord & Ivey* and *William Z. Kerr*, for appellant.

*Smith, McCullough & Reser*, for respondent.

HOLCOMB, J.—Respondent's complaint alleged four causes of action for damages against appellant, be-

[1]Reported in 220 Pac. 816.

cause of a trespass and removal of goods from premises let to respondent. Upon appellant's motion for a nonsuit, the first, third and fourth causes of action were withdrawn from the jury by the trial court, and the second only was submitted, that being a cause of action for $2,000 damages for the loss of goods, in which amount the jury awarded a verdict.

After motion for judgment n. o. v. in favor of the appellant for nominal damages in the sum of one dollar in favor of plaintiff, or for a new trial, had been denied by the court, judgment was entered upon the verdict.

Four errors claimed by appellant are based upon the refusal of the court to grant a nonsuit as to the second cause of action and to dismiss the same, in denying the motion for a directed verdict, in denying motion for judgment n. o. v., and in denying the motion for a new trial.

Respondent had a lease from appellant for certain premises for a term ending May 31, 1922, but containing a provision by which the lease could be terminated upon three months' notice to vacate. Such notice was given on account of the fact that appellant desired to build another building. Respondent, however, was left in possession upon accepting a notice that his lease would be terminated on April 16, 1922. He accordingly retained the leased premises, kept the keys thereto, and did not move all of his property from the store-room until that date. Appellant also had keys to the premises. On about February 1, 1922, appellant removed a part of the partition between the leased premises and the adjoining room, and opened and tore out a part of the rear of the leased room, leaving respondent's goods and property exposed to theft and damage. Thereafter, on about February 15, someone cut an entrance between the back part of the adjoining

room and the leased premises. That opening was boarded up on complaint of respondent, but respondent testified that it was not securely boarded up. He testified that the boards were so put on that anyone could go under them or over them.

Appellant contracted with a contracting firm to demolish the building in which the leased premises were situated, and the contracting firm employed a wrecking crew to begin the work. The wrecking crew entered the premises about the last of February. There had been some goods taken from the premises, belonging to respondent, on the evening of February 1, and upon being restored were again taken on February 3. Other small items were taken at another time, of both of which occurrences respondent notified appellant. After cutting the first hole through the wall of the leased premises, appellant's agent called on respondent to give permission to cut that hole, although that was not the ordinary procedure of appellant to get permission from lessees after starting to tear down a building. The agent did not seek permission to cut the second hole, either before or after cutting it. Respondent did not know, and did not attempt to say when the goods were taken, or by whom they were taken, but stated that the first time he discovered the loss of the $2,000 worth of goods was on the morning after the day on which the wrecking materials had been placed in the building and then taken out, by the crew employed by appellant's contractors. At that time, there had been two holes cut into the leased premises, one in the rear and one on the side between the leased premises and the adjoining room. When appellant made this first wrongful entry by cutting into the premises, respondent complained, and also after the second entry through the wall.

Appellant insistently urges that there was no connection shown between the loss of the goods of respondent and the entry made into the premises by appellant.

Appellant concedes that it may be assumed: (1) that respondent lost five boxes of goods valued at $2,000 (but less $168 for loss of window display, which appellant does not concede); (2) that appellant wrongfully permitted the hole to be cut in the wall on February 15; (3) that the hole was either securely boarded up immediately, or, if insecurely boarded up the condition was known to respondent on February 17; (4) that respondent's goods were stolen from the premises between March 10 and 21; (5) that respondent was in possession of the premises during the entire time; (6) that there is no evidence of any act on the part of appellant from February 15 to the time the goods were stolen to put the responsibility for the loss of the goods on appellant.

Some of the above concessions erroneously assume that certain facts were indisputably established. For instance, other inferences might have been apparent to the jury from the facts and circumstances as to the fourth concession, that the goods must have been stolen between March 10 and March 21; and as to the fifth concession, that respondent was in possession of the premises during the entire time, if by that is meant that he was in exclusive possession; and sixth, that there is no evidence of any act on the part of appellant to put the responsibility for the loss of the goods on it.

Appellant asserts that the landlord is not liable to the tenant for injuries done to the premises, or to the tenant's property, by third persons.

That statement is true if the third persons have no relation to the landlord and were wrongdoers over whom the landlord had no control. But here it was

shown that the trespasses upon the premises leased by the tenant were under the direction of the landlord.

"Where a third person is employed by the landlord with the consent of the tenant to make repairs or improvements to the demised premises, he will be liable to the tenant for injuries to his property on the premises resulting from negligence in doing the work." 16 R. C. L. 677.

We so held in *Wusthoff v. Schwartz*, 32 Wash. 337, 73 Pac. 407, in which case the landlord commenced to make repairs and the tenants made no objection, and paid the rent for the succeeding month. In that case also the work was done by contractors who had been instructed not to proceed until the tenants had given consent. It was held that the contractors were the agents of the landlord who was liable for their acts done within the apparent scope of their authority.

It was also held in *Bancroft v. Godwin*, 41 Wash. 253, 83 Pac. 189, that, "A landlord is liable to his tenant for damages caused by the negligence of contractors in remodeling the building, whether they were principal contractors, employed by the landlord or special contractors."

In answer to the contention that the damages there done were the result of torts of third persons, if done at all, for which the landlord was not liable, this court said:

"But it must be remembered that the relation of landlord and tenant existed between Godwin and respondent. The former had leased the premises to the latter as a store building, and by virtue of such lease, actually or by implication, guaranteed that he would neither do nor permit to be done, anything which would render such premises unfitted for such purpose, or disturb the substantial enjoyment by his tenant thereof, as contemplated by such lease. When he undertook to remodel the building it was incumbent upon him to

see that such modification was accomplished in such a manner as not to damage the goods of his tenant, or in any way seriously interfere with the beneficial enjoyment of the tenancy created by the lease. Having, however, caused this remodeling to be undertaken, and not having supervised it so as to avoid impairing his tenant's property and substantial rights, he became liable in damages for the injury thereby wrought.'' Citing *Wusthoff v. Schwartz, supra.*

Under the evidence, which was sufficient to take the case to the jury, therefore, this case falls within the rule announced in the cases above cited and quoted.

Upon the submission of the motion for a new trial, the trial judge expressed himself as being of the opinion that the defendant was either entitled to a judgment notwithstanding the verdict, or that judgment should be entered upon the verdict, and that the record did not present a case in which a new trial should properly be granted. The trial court was undoubtedly right. The motion for judgment n. o. v. could not have been rightfully granted upon the showing made at the trial. As to the weight of the evidence, the trial judge exercised his discretion in denying a new trial and entering judgment upon the verdict. With that discretion we are not authorized to interfere.

Appellant also contends that there were errors in giving certain instructions. The record does not show that any exceptions were taken to any instruction, or that any instructions were requested by appellant in place of the instructions given, or otherwise. We cannot, therefore, consider this assignment.

The other two claims of error have been examined and found to be without merit.

The judgment is affirmed.

MAIN, C. J., TOLMAN, PARKER, and MACKINTOSH, JJ., concur.