[No. 20202.   Department One.   April 22, 1927.]

WILLARD J. CHRISTIANSON et al., Appellants, v. JAMES
SHEPHERD et al., Respondents.[1]

[1] ATTACHMENT (50)—CLAIMS BY THIRD PERSONS—PLEADING. Upon
    an adverse claim to property levied upon, under Rem. Comp.
    Stat., §§ 573-577, no pleading is necessary other than the af-
    fidavit of ownership.

[2] APPEAL (406)—REVIEW—DISCRETION OF LOWER COURT—NEW
    TRIAL. The refusal of a new trial, asked because of insufficient
    evidence to sustain the verdict, will not be reviewed on appeal,
    in the absence of abuse of discretion.

[3] FRAUDULENT CONVEYANCES (89) — EVIDENCE — ADMISSIBILITY —
    CIRCUMSTANCES OF TRANSACTION. Upon an issue as to the con-
    veyance of property in fraud of creditors, evidence of the
    debtor's financial condition is admissible.

[4] SAME (89). Upon an issue as to the conveyance of property
    in fraud of creditors, it is proper to admit declarations of the
    debtor as to the ownership of property, not made in the
    presence of the other defendants, to show the nature and
    character of the possession of the property.

[5] APPEAL (456)—HARMLESS ERROR—CURED BY STRIKING OUT.
    Error in the admission of evidence is cured by striking it and
    directing the jury to disregard it.

Appeal from a judgment of the superior court for
Benton county, Truax, J., entered January 27, 1926,
upon the verdict of a jury in favor of the defendants, in
an action to determine adverse claims to property.
Affirmed.

*McGregor & Fristoe,* for appellants.

*Henry R. Newton* and *Bushnell & Beardsley,* for re-
spondents.

MAIN, J.—This was a proceeding instituted under
§§ 573-577, inclusive, of Rem. Comp. Stat. [P. C.
§§ 7843-7847]. The Federal Land Bank of Spokane

[1]Reported in 255 Pac. 942.

had levied upon a herd of dairy cows, together with one bull and some heifers and about forty hives of bees, as the property of Dwight F. Christianson to satisfy a deficiency judgment. James Christianson, Willard J. Christianson and J. E. Fitch filed an affidavit claiming ownership of the property. The matter came on for hearing before the court and a jury. The jury found the ownership to be in Dwight F. Christianson and fixed the value of the property. A motion for new trial was made, and the court directed that the Federal Land Bank elect to make a reduction from the verdict as to value or a new trial would be granted. The election was made and judgment was entered directing that the property be returned to the sheriff, which, at the time of filing of the affidavit, had been taken possession of by the claimants and a bond given. Within the time fixed in the judgment, the property was returned. Willard J. Christianson and James Christianson appeal. The bees, which were claimed by Mr. Fitch, were returned to him and he is not now involved in the proceeding.

[1] Complaint seems to be made that, when the trial before the jury opened, the respondent for the first time stated that the property involved had been transferred by Dwight Christianson to the appellants in pursuance of a fraudulent conspiracy. The proceeding was under the statute above indicated, and no pleading is required other than the affidavit claiming ownership. *Chapin v. Bokee,* 4 Wash. 1, 29 Pac. 936.

[2] As we understand the brief of the appellants, it is contended that a new trial should be granted because the verdict of the jury is not sustained by the weight of the evidence. The trial court passed upon this matter, and in the absence of an abuse of discretion, this court cannot now hold that the verdict was not sustained by

the evidence. There is nothing in the case that would indicate an abuse of discretion on the part of the trial court.

[3] Error is assigned because, upon the trial, conveyances were introduced in evidence executed by Dwight Christianson shortly after the time that he became aware that the Federal Land Bank would foreclose its mortgage upon the real property covered thereby which was owned by him. This evidence was admitted for the purpose of showing that, at the time, Dwight Christianson did not have other property out of which the judgment could be collected to show his financial condition. The evidence was properly admitted. In 23 C. J. 601, it is said:

"Where the transfer to claimant is attacked for fraud, any material evidence tending to show or rebut the fraud is admissible. Thus evidence as to the financial condition of the parties is admissible."

[4] The next question is whether it was error for the trial court to admit declarations of Dwight Christianson as to the ownership of the property involved not made in the presence of the appellants. This evidence was admitted not as declarations of the truth of what was asserted, but to show the nature and character of the possession of the property. There was no error in this respect. 23 C. J. 601; *Ragan v. Citizens' State Bank of Foraker,* 38 Okl. 65, 131 Pac. 1093; *Chan v. Slater,* 33 Mont. 155, 82 Pac. 657; *O'Hare v. Duckworth,* 4 Wash. 470, 30 Pac. 724.

[5] Complaint is made of the ruling of the trial court in admitting evidence relative to a judgment which had been obtained against James Christianson some years prior and also with reference to the removal of a building. This evidence was later stricken by the

trial court and the jury instructed to disregard it. If there was error in its admission, it was cured by the action of the court.

There are other assignments of error relative to the scope of the cross-examination and the introduction of evidence, but these will not be discussed in detail. It is sufficient to say with reference to them that they have all been considered and do not appear to have any substantial merit. The question to be determined was one of fact or inference to be drawn from facts and was for the jury. The record presents no reversible error.

The case of *Proctor v. Appleby,* 110 Wash. 403, 188 Pac. 481, to which our attention has been specially invited by the appellants has been carefully considered, but that case presents an entirely different situation from that here involved.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.