[No. 24635. Department One. July 16, 1934.]

RUDOLPH KOWALSKI, *Appellant*, v. FRANK SWANSON
*et al., Respondent.*[1]

*Austin F. Case,* for appellant.

*Ralph S. Pierce, Edwin J. Cummins,* and *Edmund Stafford,* for respondents.

MILLARD, J.—Plaintiff, while riding as a guest in an automobile operated by Frank Swanson, sustained personal injuries as a result of the collision, six miles north of Tacoma on the Seattle-Tacoma highway, of that automobile with an automobile operated by R. G. Still. Plaintiff has appealed from judgment on ver-

[1]Reported in 34 P. (2d) 454.

dict in favor of defendants Swanson and wife in an action brought by the plaintiff to recover for the personal injuries suffered by him.

It is first contended that the court erred in refusing to grant a new trial because of the insufficiency of the evidence to sustain the verdict.

■ We have consistently held that, where there is substantial testimony to sustain a verdict and a motion for a new trial has been overruled by the trial court, we will not disturb the verdict unless it appears that the trial court's refusal to grant a new trial was an abuse of discretion. *Shamek v. Metropolitan Building Co.,* 127 Wash. 336, 220 Pac. 816; *Christianson v. Shepherd,* 143 Wash. 537, 255 Pac. 942; *Voelker v. Cleveland,* 168 Wash. 38, 10 P. (2d) 561. Where there is evidence, or reasonable inference from evidence, to sustain the verdict, there is no error in the refusal to grant a new trial. *Johnston v. Elmore,* 141 Wash. 293, 251 Pac. 558.

The evidence is in sharp conflict. The evidence adduced on behalf of the respondent was substantial and positive that the collision was not caused by his negligence. The evidence on behalf of the appellant was contrary thereto. The conflict in the evidence was for the jury to determine, therefore the contention that the trial court should have granted a new trial because the verdict was contrary to the evidence is without merit. *Wiseman v. Skagit County Dairymen's Ass'n,* 166 Wash. 57, 6 P. (2d) 369.

■ It is next contended that the court erred in denying plaintiff's motion for a new trial because of newly discovered evidence material for the appellant, which he could not with reasonable diligence have discovered and produced at the trial.

Respondent Swanson testified that the accident occurred at 6:45 p. m. According to his testimony, his

average speed from Georgetown to the place at which the collision happened—a distance of twenty-four miles—was twenty-nine miles an hour. A bus driver testified that he arrived at the scene of the accident about six p. m., and the collision had already occurred. The affidavit of an assistant to the general superintendent of the transportation company of which the bus driver was an employee, in support of the motion for a new trial, avers that the time sheets of the company show that the bus, which was driven by the bus driver who testified that he arrived at the scene of the wreck about six o'clock, arrived at the place of the collision at 6:25 p. m. This, argues counsel for appellant, would prove that the accident occurred prior to 6:25 p. m., and that the speed of respondent's automobile was in excess of forty-eight miles an hour. The newly discovered evidence would be merely cumulative and intended to impeach the testimony of respondent. The time sheets, as we said in *Still v. Swanson*, 175 Wash. 553, 27 P. (2d) 704, contained information the drivers necessarily were familiar with, and related to the public service of a common carrier.

The newly discovered evidence was at all times within reach of the appellant, and it is because of a lack of diligence if he failed to discover it before the trial. A new trial on the ground of newly discovered evidence is not warranted unless it appears that the evidence could not have been discovered before the trial by the exercise of reasonable diligence. It is plain that the evidence is not newly discovered, in that it could have been produced at the time of trial had the appellant been diligent in his search, and it was merely cumulative and intended as impeaching.

Appellant finally complains of the refusal of the court to give his requested instructions Nos. 8 and 12.

Our examination of the record fails to reveal such an exception to any instruction as the rules require.

"Exceptions to a charge to a jury, or to a refusal to give as a part of the charge instructions requested in writing, may be taken in the absence of the jury by any party at the conclusion of the charge and before reception of the verdict. Such exceptions may be either oral or in writing, and shall be noted by the court, and shall specify the paragraphs or particular parts of the charge excepted to, and the requested instructions the refusal to give which is excepted to, and shall be sufficiently specific to apprise the judge of the points of law or questions of fact in dispute." Rem. Rev. Stat., § 308-6.

All that we find in the statement of facts is the following:

"(The Court then instructed the jury in writing. Counsel then argued to the jury. The jury then retired to consider its verdict. Mr. Pierce then took certain exceptions to instructions given by the Court and the Court's refusal to give requested instructions of defendant. Discussion of instructions was then had between Mr. Case and the Court, when the following proceedings were had, to-wit:)

"THE COURT: Let the record show that Mr. Case excepts to the Court's refusal to give his proposed instruction No. 8, and to his proposed instruction No. 10. The Court refused them because in the Court's opinion they were incorrect expositions of the law, and for the same reason the Court refused to give plaintiff's proposed instruction No. 12, and you may note an exception to that."

The non-compliance with the rule above quoted precludes review by this court of the error claimed. *Davis v. North Coast Transportation Co.,* 160 Wash. 576, 295 Pac. 921.

The judgment is affirmed.

BEALS, C. J., MAIN, MITCHELL, and STEINERT, JJ., concur.