[No. 8246.    Department One.    December 14, 1909.]

## COLUMBIA AND COWLITZ RIVER BOOM AND RAFTING COMPANY, *Appellant*, v. JAMES H. HUTCHINSON *et al.*, *Respondents.*[1]

NEW TRIAL—EXCESSIVE VERDICT—DISCRETION OF TRIAL JUDGE—APPEAL—REVIEW. A remark by the trial judge to the effect that when the verdict was first returned he considered it excessive, but later concluded that he might be wrong and the verdict not excessive, does not show that the party was entitled to a new trial as a matter of right because of an excessive verdict; and the refusal of a new trial will not be reversed where no abuse of discretion appears.

EMINENT DOMAIN—COMPENSATION—VALUE OF LAND—BOOM SITE. In condemnation of shore and uplands needed by a boom company for booming purposes, the jury may take into consideration the value of the land as a boom site, where the defendants are owners of the shore as well as the uplands.

[1]Reported in 105 Pac. 636.

Appeal from a judgment of the superior court for Cowlitz county, McCredie, J., entered April 10, 1909, upon the verdict of a jury rendered in favor of the defendants, awarding damages in condemnation proceedings.   Affirmed.

*A. L. Miller*, for appellant.

*Finn & Lomax*, for respondents.

FULLERTON, J.—The appellant is incorporated under the laws of the state of Washington as a boom company, and maintains and operates a boom for catching, assorting and rafting logs, on the Columbia river, near the mouth of the Cowlitz.   The respondents own the uplands and the shore lands in front thereof lying adjacent to appellant's boom. The appellant found it necessary, in order to successfully maintain and operate its boom, to use a portion of the lands of the respondents, and to cut them off from their littoral and riparian rights.   This action was brought to condemn the land necessary for the use of the boom and to ascertain the just compensation to be made to the respondents for the property so taken and damaged.   At the trial the jury returned a verdict in favor of the respondents for the sum of $3,500.   A motion for a new trial was made by the appellant based on the ground that the verdict was excessive. This motion was overruled, and a judgment entered on the verdict.   This appeal was taken therefrom.

The first assignment of error relates to the refusal of the court to grant a new trial.   On passing upon the motion therefor, the judge used this language:

"In this case the court has felt that the verdict was excessive; in fact, higher than the entire land of the defendants is worth.   However the court may be mistaken. . . . While the land has little value, yet the waterfront, at the mouth of the Cowlitz river in itself may have considerable value, and the property was the defendants.   Since I have heard of some purchases of deep waterfront outside of city limits at fabulous figures, I have been inclined to think maybe this verdict is not excessive, and my own ideas wrong."

The appellant argues that these remarks bring the case within the rule of *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108, where we held that it was the duty of the trial judge to grant a new trial when, after giving full consideration to the evidence in the light of the verdict, he was still satisfied that the verdict is against the weight of the evidence, and that substantial justice has not been done. But the cases are not parallel. In that case the trial judge announced it as his deliberate conviction that the weight of the evidence did not sustain a certain element necessary to be shown in order to permit a recovery, but that he was without power to correct the error as there was some evidence to support the finding, and he was not at liberty for that reason to disturb the finding. This court reversed the case for the reason that the trial judge failed to exercise a power with which he was fully vested, and which he failed to exercise because of the belief that he was not vested with it. But in the case at bar, the trial judge had no doubt of his power to grant a new trial on the ground of insufficiency of the evidence to support the verdict, even though every element essential to a recovery was sustained by evidence. As we interpret his remarks, he meant to say that when the verdict was first returned he felt that it was excessive, but on more mature consideration he had changed his mind and was inclined to agree with the jury. At any rate, since his refusal to grant a new trial was not based on a misapprehension of his powers or duties, this court must treat his refusal as an exercise of his discretion in that regard, and reviewable for manifest abuse only.

Whether the verdict was in fact excessive is a more difficult question. Based upon the value of the land for agricultural purposes, it could not be justified under the most favorable view of the evidence. But the land was valuable as a boom site, and the jury had the right to take that fact into consideration in making up their verdict; and in viewing the verdict in the light of such fact we are unable to say it is ex-

cessive.   Moreover, in addition to the evidence contained in the record, the jury and trial judge had the advantage of a view of the premises, and could thus test the accuracy of the statements of the witnesses by their own observations. This fact makes us less reluctant to approve their findings.

The instruction of the court given in this case, to the effect that the jury in making up their verdict could take into consideration the value of respondents' premises as a boom site, does not conflict with the rule announced by this court in the case of *Grays Harbor Boom Co. v. Lownsdale*, 54 Wash. 83, 102 Pac. 1041, 104 Pac. 267.   The distinction between the cases lies in the fact that in the present case the respondents are the owners of the shore as well as the uplands, and the appurtenant littoral and riparian rights that attach to ownership of shore lands in this state; and furthermore, for the successful operation of the boom it is necessary to use a part of the uplands.   It was not so in the case referred to.   There the boom company itself owned the shore lands with the accompanying littoral and riparian rights, and it was not sought to appropriate any part of the uplands further than for a right of way for the passage of its employees, and possible consequent erosion caused by the use of the shore lands in front of the uplands as a booming place for logs.   In other words, the use of the claimant's property in that case was not absolutely essential to the successful operation of the boom, but was rather a convenience than a necessity, while in the case at bar the boom cannot be operated at all without making use of the respondents' property.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, MORRIS, and GOSE, JJ., concur.