[No. 15365.   Department Two.   August 20, 1919.]

L. B. SWAFFORD, *Respondent,* v. CARNATION LUMBER & SHINGLE COMPANY *et al., Appellants.*[1]

NEW TRIAL (23)—CONFLICTING EVIDENCE—DISCRETION.  It is not an abuse of discretion to refuse a new trial for insufficiency of the evidence where the testimony was in direct conflict and made questions for the jury, which were submitted on instructions that were not excepted to.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 4, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Affirmed.

*Edgar C. Snyder,* for appellants.

*Flick & Paul,* for respondent.

MOUNT, J.—This action was brought to recover one thousand nine hundred and twenty-three dollars, alleged to be due for services rendered to the defendants under a contract of hiring.  The defendants, for answer to the complaint, denied the alleged contract and

[1]Reported in 183 Pac. 92.

claimed that the services were performed under a joint venture; that the plaintiff had been paid in full and had signed a receipt acknowledging satisfaction. The plaintiff, for reply, denied having executed such receipt, alleging that, if he signed such receipt, the signature was procured by fraud. On these issues the case was tried to the court and a jury, and resulted in a verdict for the plaintiff for the full amount claimed. After verdict, defendants moved the court for a new trial. This motion was denied, and judgment was entered upon the verdict. The defendants have appealed.

They make but one assignment of error, to the effect that the trial court erred in denying the motion for a new trial. They argue that the respondent was not hired and that he was bound by the receipt, which he admitted he had signed. The evidence upon these questions is in direct conflict. They were both submitted to the jury upon instructions which were not excepted to and which are not claimed to be erroneous. Both questions were clearly questions for the jury under the evidence and were resolved in favor of the respondent. The trial court did not abuse its discretion in refusing a new trial.

Judgment affirmed.

HOLCOMB, C. J., FULLERTON, PARKER, and BRIDGES, JJ., concur.