[No. 16110. Department One. January 7, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. L. M. PIERCE, *Appellant*.[1]

INTOXICATING LIQUORS (29, 50)—OFFENSES — TRANSPORTATION— WEIGHT AND SUFFICIENCY OF EVIDENCE. A conviction of unlawfully transporting intoxicating liquor with intent to sell the same is sustained where appellant's automobile, with the liquor and appellant's coat and gloves in it, was found at the time and place of the alleged commission of the offense, notwithstanding evidence to the effect that appellant was, at the time, at a place one hundred and forty miles distant, other witnesses having testified they saw appellant at the time and place of the alleged commission of the offense.

NEW TRIAL (21-24)—VERDICT CONTRARY TO EVIDENCE—DISCRETION. The trial court did not abuse its discretion in denying appellant's motion for a new trial, upon the ground of insufficiency of the evidence to sustain a conviction of unlawfully transporting liquor, where witnesses testified they saw appellant at the time and place of the alleged commission of the offense, and it was conceded that appellant's automobile, with the liquor and appellant's coat and gloves in it, was found at the time and place of the alleged commission of the offense, although many witnesses testified to an alibi.

Appeal from a judgment of the superior court for Grant county, Hill, J., entered February 18, 1920, upon a trial and conviction of unlawful transportation of intoxicating liquors. Affirmed.

*Daniel T. Cross* and *Oscar Cain*, for appellant.

*N. W. Washington*, for respondent.

PARKER, J.—The defendant, Pierce, was charged and, upon a trial in a justice court of Grant county, adjudged guilty of the offense of unlawfully transporting intoxicating liquor, with intent to sell the same. He appealed therefrom to the superior court of that county wherein, upon a trial before the court and a jury, he was again found guilty, and a judgment ren-

[1]Reported in 194 Pac. 546.

dered against him accordingly, from which he has appealed to this court.

Practically the whole of the argument made in the brief of counsel for appellant is devoted to their claim of error of the superior court in denying his motion for a new trial upon the ground of "insufficiency of the evidence to justify the verdict." It is not here claimed in appellant's behalf that he was entitled to judgment of dismissal as a matter of law, or to an instructed verdict of not guilty. The controverted question of fact, which counsel on both sides seem to regard as the controlling and only question of fact to be here considered, is as to whether appellant was in Grant county at the time and place of the alleged commission of the offense. Two witnesses testified that they saw appellant at the time and place of the alleged commission of the offense. Nine other witnesses testified that appellant was, at that time, in Spokane, some one hundred and forty miles distant from the place of the alleged commission of the offense. It is conceded that appellant's automobile, with the liquor and appellant's coat and gloves in it, was found at the time and place of the alleged commission of the offense. It seems quite clear to us that we cannot hold that the trial court abused its discretion in denying appellant's motion for a new trial, in so far as it is rested upon the ground of insufficiency of the evidence to sustain the verdict. Other claims of error seem to us so wholly without merit as to not call for further discussion.

The judgment is affirmed.

HOLCOMB, C. J., FULLERTON, MACKINTOSH, and BRIDGES, JJ., concur.