[No. 17383. Department Two. February 17, 1923.]

A. D. FORTIER *et al.*, *Appellants*, v. TELESPHARE ROBILLARD *et al.*, *Respondents.*

ADRIENNE FORTIER, *as Guardian etc.*, *Appellant*, v. TELESPHARE ROBILLARD *et al.*, *Respondents.*[1]

MASTER AND SERVANT (27)—INJURY TO SERVANT—UNLAWFUL EMPLOYMENT OF MINOR—LIABILITY—STATUTES. Neither Rem. Comp. Stat., § 2447, making it unlawful to employ minors under 14 years of age, or §§ 7624, 7627, 7636, of the minimum wage law, have any application so as to make it unlawful or negligent to employ a minor 17 years of age on a hay baler.

TRIAL (63)—PROVINCE OF COURT AND JURY—JUDGMENT NON OBSTANTE. A motion for judgment notwithstanding the verdict is not addressed to the discretion of the court, and can be granted only where undisputed evidence conclusively establishes the right.

MASTER AND SERVANT (98)—INJURY TO SERVANT—ASSUMPTION OF RISK—APPARENT DANGERS. A minor 17 years of age engaged in simple duties on a hay baler, whose glove was caught by a wire drawing his hand into the cogs, assumes the risks, as a matter of law, where it appears that he caught hold of the wire near the cogs, contrary to instructions, and testified that he realized the danger from the cogs, which were in full view.

Appeals from judgments of the superior court for Yakima county, Nichoson, J., entered December 30, 1921, in favor of the defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiffs, in consolidated actions in tort. Affirmed.

*Jno. H. Bruff*, for appellants.

*William B. Clark*, for respondents.

[1]Reported in 212 Pac. 1083.

Fullerton, J.—While working on a baler, owned and operated by respondent Telesphare Robillard, the minor plaintiff, George Fortier, at that time past seventeen years of age, suffered an injury to his left hand which necessitated the amputation of all the hand but the thumb and forefinger. As a result of this injury, these two actions were brought, one· by the parents of the minor, and the other by the minor himself through a guardian *ad litem,* to recover in damages. The cases were consolidated and tried to a jury, resulting in a verdict of $400 in favor of the parents and one dollar in favor of the minor. Following the return of the verdict, the court below granted a motion for judgment *non obstante veredicto* in each of the cases, and entered judgments of dismissal. From these judgments, the appeals are prosecuted.

Respondents, as an affirmative defense, set up contributory negligence and assumption of risk on the part of the minor, and appellants assign as error the overruling by the trial court of· demurrers to these defenses. They take the position· that, under the provisions of §§ 2447, 7624, 7627, and 7636 of Rem. Comp. Stat., it was unlawful to employ a minor of this age, and hence such a minor, so unlawfully employed, could not be guilty of contributory negligence, under the decision of this court in *Glucina v. Goss Brick Co.,* 63 Wash. 401, 115 Pac. 843, 42 L. R. A. (N. S.) 624.

None of the cited sections is applicable. Section 2447 applies only to minors under the age of fourteen years engaged in inside work, and the other sections are part of the minimum wage law, which has no application to work of this kind.

Most of the other errors assigned relate to instructions and the admission and rejection of testimony. It is not necessary to go into these questions unless we

find that the court below erred in granting the motions for judgment *non obstante veredicto.*

This court has many times heretofore announced the rule that motions for judgment *non obstante veredicto* may be granted upon motion of a defendant when there is neither evidence nor reasonable inference from evidence upon which a verdict of the jury might rest. *Roe v. Standard Furniture Co.,* 41 Wash. 546, 83 Pac. 1109; *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166; *Auwarter v. Kroll,* 79 Wash. 179, 140 Pac. 326; *Forsyth v. Dow,* 81 Wash. 137, 142 Pac. 490; *Caughren v. Kahan,* 86 Wash. 356, 150 Pac. 445.

Such motions, it is true, are not addressed to the discretion of the trial court, but must be determined solely as a matter of law, and should be granted in favor of a defendant only when it appears from the undisputed evidence that either the plaintiff has no right of action whatever, or that the defendant has conclusively established an affirmative defense. It is necessary, therefore, in considering whether the granting of such motions in cases at bar was erroneous, to examine the evidence to determine whether there could be any possible recovery under the facts that are undisputed. The facts testified to herein, eliminating those concerning which there is a substantial dispute, are, briefly stated, as follows: The injured minor, George Fortier, was, at the time he was injured, between 17 and 18 years of age, of at least average intelligence. He was employed on the morning of the day the accident occurred as back wireman on a hay baler, and was instructed in his duties by respondent Telesphare Robillard. These duties were very simple and consisted principally of connecting two baling wires on each bale as baled, each wire already having an eye at one end and a hook at the other; of then

passing a third wire back through the baler to the head wireman; and of picking up the head block as it was expelled from the baler, carrying the block back about nine feet and handing it to the feeder. He was also instructed to keep the tailboard free of loose wires so that they would not become wound around the shafts or entangled in the cogs and gearings. While he was engaged in these duties, a wire wound around the shaft and was meshing in the cogs. When about a foot of it remained out, he caught hold of it; the hook end caught in his glove and drew his hand into the cogs, crushing it and causing the injuries heretofore described. There is evidence that he was warned to leave the wire alone by other workmen but he states that he did not hear these warnings.

The minor himself admitted on the stand that he realized the danger from the cogs; that they were in plain view, and that in the ordinary course of the work he was instructed to perform there was no danger from them.

It is obvious from a reading of the testimony that the danger, if any there was, was apparent. As was said by the supreme court of Wisconsin in *Chopin v. Badger Paper Co.*, 83 Wis. 192, 53 N. W. 452:

"It need scarcely be said that any boy of a dozen years of age who had ever seen cog wheels at work would know that his hand would be injured if thrust between the cogs, . . ."

The case obviously falls within the principle of *Olsen v. McMurray Cedar Lumber Co.*, 9 Wash. 500, 37 Pac. 679, wherein Judge Dunbar, speaking for the court, said:

"Men, when they are working around dangerous machinery, must notice. Their faculties and senses were given them for the purpose of self-preservation,

and they must exercise them to a reasonable extent. The testimony of this man shows that he knew where all the live rollers were, and that in every live roller there was a cog, and that he knew that if his hand came in contact with the cogs he would be hurt; and it seems to us that the very slightest prudence on his part would have saved him from the results of this accident. . . .

"The dangers in this instance were apparent, and the law is well settled that an employe when he assumes his employment, takes the risk of all apparent danger. This was the doctrine announced by this court in *Week v. Freemont Mill Co.,* 3 Wash. 629 (29 Pac. 215), and *Jennings v. Tacoma Ry. & Motor Co.,* 7 Wash. 275 (34 Pac. 937), and is the doctrine of common justice and right between employer and employe, and the doctrine of common sense.

"We think the plaintiff's own testimony in this case shows so clearly a disregard of the apparent dangers of his employment that he should not be allowed to recover damages for the injuries suffered by him."

We have followed this case whenever the question has arisen. See *Sainis v. Northern Pacific R. Co.,* 87 Wash. 18, 151 Pac. 93, and cases therein cited.

The court below did not err in granting judgments *non obstante veredicto,* and the judgments are affirmed.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.