[No. 20634.   Department One.   November 3, 1927.]

# H. J. FINIGAN et al., *Appellants*, v. WALDRON COMPANY et al., *Respondents.*[1]

[1] TRIAL (63)—DIRECTION OF VERDICT—POWER OF COURT. It is error to grant a motion for judgment notwithstanding the verdict of a jury to the contrary, where there was any evidence, or reasonable inference from evidence, in support of the verdict.

[2] MALICIOUS PROSECUTION (15, 17-1)—EVIDENCE OF MALICE — SUFFICIENCY—QUESTION FOR JURY. In an action for malicious prosecution, defendant's justification in acting on the advice of the prosecuting attorney is for the jury, and it is error to enter judgment n.o.v., where, on the issue as to whether plaintiff had disposed of mortgaged chattels without authority and with intent to defraud, there was evidence of previous authority, and subsequent notice given of the sale, and it appears that defendant, in reciting the facts to the prosecutor on which the charge and arrest were made, failed to inform the prosecutor of such authority and notice, then within his knowledge.

[3] APPEAL (386)—REVIEW — PARTIES ENTITLED TO ALLEGE ERROR — ACQUIESCENCE OR WAIVER. Where plaintiff, after demurrer sustained as to a second cause of action, went to trial and obtained a verdict on her first cause of action, but made no motion for a new trial upon the court's granting judgment for defendant n.o.v., she cannot, on appeal from the judgment, assign error on sustaining the demurrer and seek a new trial on the second cause of action, but must be satisfied with judgment on the verdict.

[4] INTEREST (9, 11)—ON JUDGMENTS—TIME WHEN ACCRUES. Where judgment for defendant n.o.v. unduly and erroneously delayed judgment on the verdict, it will be reversed and made to bear interest from the date of the verdict.

Appeal from a judgment of the superior court for King county, Brown, J., entered November 19, 1926, in favor of the defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiffs, in an action for malicious prosecution. Reversed.

*Wm. Martin,* for appellants.

*Poe, Falknor, Falknor & Emory,* for respondents.

[1]Reported in 260 Pac. 995.

TOLMAN, J.—This is an action for malicious prosecution. A trial was had to a jury, resulting in a verdict for the plaintiffs in the sum of fifteen hundred dollars. No motion for a new trial was interposed, but a motion for judgment n. o. v. was made and granted. The plaintiffs have appealed.

The trial judge, in granting the motion, made a written order, in which he said:

"The court having heard argument on the motion for judgment n. o. v., and it appearing from the evidence, records, and files in this case that the plaintiff Alyce Finigan had purchased certain personal property of the defendant corporation on a conditional sales contract, and that she had sold some of the furniture, in direct violation of said conditional sales contract, and the said defendant corporation believed that the plaintiff Alyce Finigan was about to move to California, where her husband, the other plaintiff, H. J. Finigan, had established a residence, and the plaintiff Alyce Finigan had promised to make the payments remaining on the personal property and which she failed to do; and

"It further appearing that the defendant C. W. Waldron went to the office of the county attorney of King county and there truthfully told a deputy county attorney all of the material facts and conditions surrounding the said sale and transaction up to that time, and the said deputy county attorney, after checking on the facts, caused a complaint to be prepared, and the defendant was directed to file the same in a certain justice of the peace court in the city of Seattle; and

"It further appearing that said justice of the peace issued a warrant for the arrest of the plaintiff; and

"It appearing that the said defendant C. W. Waldron endeavored to locate the plaintiff, Alyce Finigan and found that she had moved from place to place and had sold some of the personal property, and after at last locating the said Alyce Finigan she refused to see him, whereupon she was arrested;

"It therefore appearing that the said defendant C. W. Waldron and the Waldron Company were not

actuated by malice; that the said C. W. Waldron was acting as any reasonable person would have acted, and his actions were done in good faith and based upon substantial grounds that the said plaintiff Alyce Finigan has already violated the provisions of the conditional sales contract and was about to move from this state to California, and that she was already guilty of a crime in disposing of some of the personal property, and having told the entire story to the deputy county attorney, there was neither evidence nor reasonable inference from the evidence upon which the verdict of the jury might rest.

"It is therefore ordered, adjudged, and decreed that the motion for judgment n. o. v. will be, and it is hereby, granted.

"Exceptions to this judgment and order are allowed to the plaintiffs."

[1]  We fear that, in several respects, the court invaded the province of the jury and passed upon the facts, which, under such a motion, it was not for him to do. *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166; *Fortier v. Robillard,* 123 Wash. 599, 212 Pac. 1083.

Without pointing out or discussing the particular facts, or inferences from facts, which are involved and debatable, because the state of the record makes but one result possible, we are content to rest our decision upon one point, which we think was clearly overlooked by the trial court, and upon which we think there can be no difference of opinion.

[2]  There was a conversation between respondent C. W. Waldron and appellant Alyce Finigan, had at the Waldron place of business about June 10, preceding the arrest, in which, according to Mrs. Finigan, then under cross examination, there was, in part, said:

"Q. Didn't he tell you, then there in the presence of Mrs. Waldron at the time that you were there, and didn't you agree, that you would do nothing with this furniture until you saw him, that you would make no

disposition of this furniture until you saw them? A. No. Mrs. Waldron was never with me when I talked to him. Q. Didn't you tell that in the presence of Mrs. Waldron, when Mrs. Waldron was present? A. No. Q. And didn't he tell you if you could sell any of it to bring in the purchaser and he would fix it up with you, so that he would know where the furniture was and could make a proper contract with the purchaser of the property? A. No; he told me very roughly that day to go ahead and sell it and I tried to sell it. Q. But not to make any deal until the purchaser was brought in? A. No, he didn't say that."

Both Mr. and Mrs. Waldron, in their testimony, gave their version of this conversation, and each clearly testified that Mr. Waldron did authorize Mrs. Finigan to find a purchaser for the property; but directed, in the event of a purchaser being found, that the matter should be closed at the Waldron office and the purchase money be applied to the Finigan account, or a new contract with the purchaser be substituted. It is nowhere suggested that any of these facts were disclosed to the prosecuting attorney, or that he had any intimation that Waldron knew that Mrs. Finigan might well believe that she was thus authorized to sell or find a purchaser. This becomes still more important when applied to the question of the motive which actuated Waldron's other acts. When informed by his employee, Standing, that Mrs. Finigan had been in the store in the absence of Waldron, had inquired for him and left word that she had sold the suite, and would be in on Monday or Tuesday to settle the account (if the jury so believed, which they were by no means bound to do), the jury might have found that Waldron then knew that no crime had been committed, and was actuated by malice in what he afterwards did. It follows that there was evidence, and reasonable inference from evidence, sufficient to sustain the verdict.

[3] In their original complaint, the appellants

pleaded a second cause of action, based upon alleged false and slanderous words spoken by respondent Waldron, in the presence of third persons, during the transactions covered by the first cause of action, to which a demurrer was sustained on the ground that it was improperly joined in the same action with the first cause of action. Appellants thereupon filed an amended complaint, omitting the cause of action for slander, and upon the amended complaint the case proceeded to trial.

At the trial, apparently all of the evidence as to the alleged slander was admitted, both sides going into the question quite fully, upon the theory, no doubt, that it had a bearing upon the question of malice, and perhaps that it might be considered by the jury as an aggravation of damages. No instruction was given or, so far as the record shows, asked, limiting the jury in that respect.

Appellants here assign error upon the sustaining of the demurrer, and while asking for a judgment on the verdict, also ask for a reversal. Whether the ruling complained of was error or no, it would be useless to inquire. Appellants want, and upon the record are entitled to, a judgment on the verdict, and having obtained that, they surely are not entitled to re-try the case upon the same evidence and obtain a second judgment for an injury for which they have already been compensated.

[4] No motion for a new trial having been made, we can but reverse the judgment of dismissal and direct the entry of a judgment on the verdict; and since the entry of the judgment has been unduly and erroneously delayed, the judgment will bear interest from the date of the verdict. Such is the order.

MACKINTOSH, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.