[No. 21079.   Department One.   August 6, 1928.]

EYAK RIVER PACKING COMPANY, *Respondent*, v.
JAMES W. PARKS *et al., Appellants.*[1]

[1] APPEAL (473)—SUBSEQUENT APPEAL—FORMER DECISION AS LAW
OF CASE.   A decision on a former appeal that the evidence was
sufficient to make a question for the jury against certain de-
fendants, and that a judgment of dismissal was error, became
the law of the case, and is conclusive on a subsequent appeal
from the final judgment entered on the verdict.

[2] NEW TRIAL (24)—VERDICT CONTRARY TO EVIDENCE—DISCRETION
OF TRIAL COURT.   Where it has been finally decided that the
evidence was sufficient to sustain a verdict against the defend-
ants, the refusal of the court to grant a new trial for in-
sufficiency of the evidence will not be disturbed on appeal in
the absence of very plain abuse of discretion.

[3] NEW TRIAL (35, 37)—NEWLY DISCOVERED EVIDENCE—CUMULATIVE
EVIDENCE—DILIGENCE—MATERIALITY.   A new trial for newly dis-
covered evidence should be denied where the evidence was
merely cumulative and would probably not have changed the
result and could have been discovered by the exercise of
diligence.

[4] APPEAL (388)—REVIEW—PARTIES ENTITLED TO ALLEGE ERROR—
RESPONDENTS.   In the absence of an appeal by the respondent,
error can not be assigned by respondent in that the judgment
should have included interest from the date of the verdict,
instead of from the date of final judgment, delayed by a motion
for new trial and proceedings on a former appeal therefrom.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered September 29, 1927,
denying a motion for a new trial by certain defendants
in a civil action for conspiracy.   Affirmed.

*G. E. Steiner* (*Chadwick, McMicken, Ramsey &
Rupp,* of counsel), for appellants.

*Tucker, Hyland & Elvidge* and *Martin J. Lund,* for
respondent.

[1]Reported in 269 Pac. 807.

PARKER, J.—The plaintiff packing company sought, in the superior court for King county, recovery of damages against the defendants, Huglen, Boryer, Parks and Sea Foods Company, alleged to have been suffered as the result of a conspiracy on the part of the defendants and their acts in pursuance thereof, to the injury of the packing company's fish and fish canning business. The case proceeded to trial in the superior court, sitting with a jury, and resulted in a verdict awarding to the packing company recovery against all of the defendants in the sum of $17,500. Thereafter the superior court rendered judgment against the defendants Huglen and Boryer upon the verdict, and rendered judgment of dismissal in favor of the defendants Parks and Sea Foods Company notwithstanding the verdict. Thereafter Huglen and Boryer appealed to this court from the judgment rendered against them, and the packing company appealed to this court from the judgment of dismissal rendered against it in favor of Parks and Sea Foods company notwithstanding the verdict. These appeals were disposed of by this court by its decision reported in *Eyak River Packing Co. v. Huglen,* 143 Wash. 229, 255 Pac. 123, 257 Pac. 638, affirming the judgment rendered in favor of the packing company against Huglen and Boryer, reversing the judgment of dismissal rendered against the packing company in favor of Parks and Sea Foods Company notwithstanding the verdict, and remanding the case to the superior court

" . . . with directions to the court below, either to grant a new trial to Parks and the Pioneer Sea Foods Company, or enter a judgment against them upon the verdict;"
the alternative motion for new trial made by Parks and Sea Foods Company not having been considered by the superior court because of the court's having

rendered the judgment of dismissal notwithstanding the verdict in their favor.

Thereafter the superior court, considering the undisposed motion for new trial made by Parks and Sea Foods Company, denied that motion and rendered final judgment against them upon the verdict. From this judgment, Parks and Sea Foods Company have appealed to this court.

[1] Counsel for Parks and Sea Foods Company make some contention here that they are entitled to reversal of this judgment upon the theory that the trial court erred in refusing to dismiss the action as to them at the close of the evidence introduced in behalf of the packing company, and in refusing to direct a verdict in their favor at the conclusion of the trial, in response to timely motions made in that behalf. These motions were rested upon the ground that the evidence, at those respective stages of the case, did not support any recovery as against them. It seems plain to us that our decision upon the former appeal of the packing company from the judgment against it and in favor of Parks and Sea Foods Company notwithstanding the verdict is conclusive against them touching these claims of error. The very question presented and decided upon that appeal was as to the sufficiency of the evidence to carry the case to the jury as against Parks and Sea Foods Company as well as against Huglen and Boryer. That decision became the law of the case touching that question. *Buell v. Park Auto Transportation Co.*, 138 Wash. 678, 244 Pac. 992; *Morehouse v. Everett*, 141 Wash. 399, 252 Pac. 157; *Cannon v. Seattle Title Trust Co.*, 145 Wash. 691, 261 Pac. 642. So we are no longer concerned with the question as to whether or not the evidence is sufficient to sustain recovery as against Parks and Sea Foods Company.

[2]   It is strenuously contended in behalf of Parks and Sea Foods Company that the superior court erred in denying their motion for new trial; which motion was necessarily left undisposed of by the trial court's having granted their motion for judgment notwithstanding the verdict.   This contention is rested principally upon the ground that, even though the evidence be sufficient to carry the case to the jury, it so preponderates in favor of Parks and Sea Foods Company that they are entitled to a new trial, even at the hands of this court.   Our review of the evidence convinces us that we would not be warranted in disturbing this discretionary ruling of the superior court.   Some argument is advanced that the trial judge felt restrained and not free to exercise his independent judgment in disposing of the motion for new trial, because of our decision upon the former appeal that the evidence was sufficient to carry the case to the jury.   We did not so decide upon the weight of the evidence, but only decided that there was evidence, if believed by the jury, sufficient to sustain recovery by the packing company against all of the defendants.   We do not see anything in the trial judge's decision finally denying the motion of Parks and Sea Foods Company for new trial, evidencing any such conscious restraint on the part of the trial judge.   True, he had awarded Parks and Sea Foods Company a dismissal judgment notwithstanding the verdict, upon the theory that there was not sufficient evidence to sustain recovery against them; but, when that ruling was by this court reversed and it was determined that there was sufficient evidence to sustain recovery as against them, if believed by the jury, the trial judge manifestly fully realized that it then became only a question of the weight of the evidence to sustain such recovery, and, exercising his discretion, decided that he ought not to award a new trial upon

that ground. Such a ruling by a trial court should not be disturbed in the absence of very plain abuse of discretion. *Columbia & Cowlitz River Boom & Rafting Co. v. Hutchinson,* 56 Wash. 323, 105 Pac. 636; *Kincaid v. Walla Walla Valley Traction Co.,* 57 Wash. 334, 106 Pac. 918, 135 Am. St. 982; *Swafford v. Carnation Lumber & Shingle Co.,* 108 Wash. 305, 183 Pac. 92; *State v. Pierce,* 113 Wash. 694, 194 Pac. 546; *Shamek v. Metropolitan Building Co.,* 127 Wash. 336, 220 Pac. 816; *Christianson v. Shepherd,* 143 Wash. 537, 255 Pac. 942.

[3] Some contention is made in behalf of Parks and Sea Foods Company that the trial court should have awarded them a new trial upon the ground of newly discovered evidence. This exact question was decided as against Huglen and Boryer upon the former appeal, 143 Wash. 229, 255 Pac. 123, 257 Pac. 638. That decision, it may be conceded, was not an establishing of the law of the case as against Parks and Sea Foods Company, since their motion for new trial was not then before the court. However, our observations there made as to the alleged newly discovered evidence not being such as to warrant a new trial to Huglen and Boryer are equally applicable to that question as here presented.

[4] Contention is made in behalf of the packing company that its judgment against Parks and Sea Foods Company should be corrected to the extent of awarding to it interest on the amount thereof from the date of the prior judgment rendered against their co-defendants Huglen and Boryer; this upon the theory that the packing company is entitled to judgment against Parks and Sea Foods Company as of that date. The packing company has not appealed from the judgment here on review rendered in its favor, so we are not privileged to consider its claims of error directed against that judgment for want of insufficient award.

The concluding language of our decision in *Finigan v. Waldron Co.*, 145 Wash. 455, 260 Pac. 995, is invoked in support of this interest claim:

"No motion for a new trial having been made, we can but reverse the judgment of dismissal and direct the entry of a judgment on the verdict; and since the entry of the judgment has been unduly and erroneously delayed, the judgement will bear interest from the date of the verdict."

We think that language is not applicable to this contention. That was a ruling in favor of appellant. There was no motion for new trial to be disposed of by the trial court. The case was remanded to the trial court for rendering of judgment on the verdict. Here, the case was not ripe for judgment of the trial court until after it had been returned to that court and the motion for new trial made by Parks and Sea Foods Company had been disposed of by that court.

We conclude that the judgment against Parks and Sea Foods Company must be affirmed as rendered. It is so ordered.

FULLERTON, C. J., FRENCH, MITCHELL, and TOLMAN, JJ., concur.