[No. 23220. Department One. August 18, 1931.]

M. C. FLEMING, *Respondent,* v. JOSEPH BUERKLI, *Appellant.*[1]

*Fred M. Bond* and *James P. Neal,* for appellant.
*Robert B. Abel* and *George F. Abel,* for respondent.

HOLCOMB, J.—This case was before us on a prior appeal, and decided under the same title in 159 Wash. 460, 293 Pac. 462, the present respondent being appellant and the present appellant being respondent, there. For a statement of the issues upon the cause of action set out by respondent here and the dispositions thereof by this court, the former opinion is referred to.

Under stipulation of the parties, the statement of facts, transcript and abstracts submitted upon the

[1]Reported in 1 P. (2d) 915.

former appeal were made a part of the record in the present appeal. No additional record has been made and brought up to this court, except the order of the trial court on the motion for a new trial, ordered to be determined by the trial court by the former decision, and the judgment following that order, on the verdict of the jury. The verdict of the jury was for the recovery of two thousand dollars by respondent, for which amount the court entered judgment.

The errors assigned on this appeal are these:

(1) In granting the demand for a jury and denying that the case be submitted to the court; (2) in overruling the objection of appellant to the trial before a jury; (3) in denying the motion for nonsuit made by appellant at the close of respondent's case challenging the sufficiency of the evidence offered by respondent to authorize the submission of any question to the jury; (4) in denying the motion made by appellant challenging the sufficiency of the evidence and asking a directed verdict in favor of appellant; (5) in denying the motion made by appellant for an order setting aside the verdict of the jury and granting appellant a new trial of the issues raised by the pleadings; and (6) in granting respondent a judgment against appellant.

 By referring to the former opinion, it is at once apparent that the first four of the complaints of error by appellant were decided on the former appeal. In that case it was unmistakably decided that the cause of action was a law action triable before a jury; that there was substantial and competent evidence, properly admitted, upon which the verdict of the jury could rest; that the trial court was in error in granting the motion for judgment, n. o. v.

The decision on the former appeal became the law of the case upon all the questions presented by the

first four claims of error. *Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157, 58 A. L. R. 1482; *Eyak River Packing Co. v. Parks,* 148 Wash. 495, 269 Pac. 807.

■ Under the fifth and sixth assignments, the only open question, the denial of the motion of appellant for a new trial, is involved. On the former appeal we said,

"The verdict of the jury was not advisory only, but was as binding upon the trial court as would be the verdict in any other action at law."

and, further, that there was "substantial evidence from which the jury could have found" in favor of appellant (respondent here).

In the *Eyak River Packing Co.* case, *supra,* we said:

"When that ruling was by this court reversed and it was determined that there was sufficient evidence to sustain recovery as against them, if believed by the jury, the trial judge manifestly fully realized that it then became only a question of the weight of the evidence to sustain such recovery, and, exercising his discretion, decided that he ought not to award a new trial upon that ground. Such a ruling by a trial court should not be disturbed in the absence of very plain abuse of discretion."

It has always been the rule of this court that it is not an abuse of discretion to refuse a new trial for insufficiency of the evidence where the testimony was in direct conflict and made questions for the jury, which were submitted on instructions that were not excepted to or were not erroneous. *Swafford v. Carnation Lumber & Shingle Co.,* 108 Wash. 305, 183 Pac. 92.

The evidence on which the trial judge exercised his discretion, in passing upon the motion for a new trial, is identical with that passed upon by this court as substantial and sufficient for determination by the jury. No additional evidence was introduced, and no offer of newly discovered evidence. There was some conflict,

it is true, but those conflicts were to be resolved by the jury, subject to settled rules of law and practice.

■ It is further contended that the verdict was erroneous in the amount of the recovery allowed because two thousand dollars is not divisible by $117.50 and is, therefore, not in harmony with the uncontroverted evidence, or the admitted terms of the contract.

There was, also, an issue before the jury as to allowance to appellant for keep of the cattle left on the ranch for more than thirty days, which the jury found to be a reasonable time, for which the jury evidently made an allowance. It was certainly very favorable to appellant. At any rate, it cannot be said as a matter of law that the award of the jury is contrary to the facts and issues in the case and not sustainable on any theory.

The trial judge having refused a new trial, and it not appearing that there was a "very plain abuse of discretion," this court is bound by the verdict of the jury and the judgment of the trial court.

Affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.