[No. 27738. Department Two. February 5, 1940.]

JOHN CARLSON et al., Appellants, v. OSCAR AHL et al., Respondents.[1]

*J. W. Graham*, for appellants.

*Doane Brodie* and *Charles T. Wright*, for respondents.

[1]Reported in 98 P. (2d) 1081.

BEALS, J.—Plaintiffs, John and Anna Carlson, residing near the Olympic highway, in Mason county, between Shelton and Hoodsport, were the parents of Melvin Carlson, who, April 21, 1938, was five years and eleven months of age. About five o'clock on the afternoon of April 21st, Melvin was playing around the house occupied by Mr. and Mrs. C. J. Reader, located on the west side of the Olympic highway, near the Carlson home. Defendants, Oscar and Alice L. Ahl, on the day referred to, were driving their automobile in a northerly direction along the highway, Oscar Ahl at the wheel. As the car neared the Reader residence, Mr. Ahl noticed another automobile approaching from the north along the highway. At the same time, Melvin Carlson undertook to cross the highway from west to east and, as he reached the eastern edge of the pavement, was struck by defendants' automobile, and so severely injured that he died within a few hours thereafter.

Plaintiffs sued defendants, seeking damages on account of the death of their son, alleging that defendant driver had been negligent, in that he neglected to have the car under control and to maintain a careful, or any, observation for other persons using the highway; that he negligently failed to stop the car, or to turn it aside, to avoid the collision. Defendants denied negligence on their part and affirmatively pleaded contributory negligence, both on the part of the boy and his parents.

The affirmative allegations of the answer having been denied by the reply, the action was tried to a jury, which returned a verdict in favor of the defendants. Plaintiffs seasonably moved for a new trial, upon the ground "that there is no evidence or reasonable inference from the evidence to justify the verdict, and that it is against the law." The trial court, having

denied the motion for a new trial, entered judgment upon the verdict, dismissing the action. From this judgment, plaintiffs have appealed.

Error is assigned only upon the order of the court denying appellants' motion for a new trial and upon the entry of the judgment on the verdict. No trial error is assigned, appellants contending only that, upon the evidence, it should be held that the trial court erred in denying appellants' motion for a new trial.

The trial court instructed the jury that a child under six years of age could not be held guilty of contributory negligence, and that, if the jury found that, at the time of the accident, Melvin was less than six years of age, the defense of contributory negligence on the part of the child was not available to respondents. The court also instructed the jury that, if they found as a fact that Melvin's parents had at various times warned him of the danger of crossing the highway, and instructed him not to do so, and that, on the day of the accident, he disregarded these instructions, negligence could not be imputed to appellants, and that their recovery could not be defeated by reason of any alleged contributory negligence on their part, if the jury should find that they would otherwise be entitled to a favorable verdict. These instructions became the law of the case, and both parties agree that, upon the facts, all questions of contributory negligence were, by the trial court, withdrawn from the jury's consideration. In view of our opinion on the questions presented on appellants' appeal, certain matters argued by respondents in connection with appellants' alleged contributory negligence need not be discussed.

The jury, then, was called upon to determine whether or not respondents had been negligent, and if so,

whether or not such negligence was a proximate cause of the child's death.

The accident occurred during the late afternoon; the day was clear, it was still daylight, and visibility was good. The road was level and straight, and automobiles were permitted to travel at a rate not exceeding fifty miles per hour. Appellants argue that the negligence of respondent driver "was not only proven beyond the possibility of dispute, but that it was definitely admitted by defendant Oscar Ahl from the witness stand."

Appellants did not request the trial court to instruct the jury to return a verdict in favor of appellants, leaving to the jury only the amount of damages. Appellants contend only that, in denying their motion for a new trial, the trial court erred, and that this court should hold that it so erred and reverse the judgment appealed from. The denial of a motion for a new trial may be reviewed on appeal for error of law or abuse of judicial discretion.

The Reader home stands on ground a little above the highway, and nearby is a private roadway leading to the highway at a downgrade. From the evidence, it appears beyond question that Melvin, after playing with the Reader children, decided to cross the highway, at an angle toward the north. Respondent Oscar Ahl testified that he did not see the child until the latter reached the margin of the paved portion of the highway. He also stated that he was proceeding between thirty-five and forty miles an hour; that he was observing the car which was approaching along the highway; that, as soon as he saw Melvin, he applied his brakes, and that the car partially left the pavement; that the child almost passed in front of the car, but was struck by the right headlight when the car

had almost stopped; and that the car did not go more than a few feet after striking the child.

The witness also testified that he was familiar with that portion of the highway, and knew that it was the center of a residence community and that watchfulness was required in driving through such a district. The evidence indicates that the Ahl car skidded forty-seven feet before striking the child.

Mr. Ahl testified that he was carefully observing the highway, but stated that he was not observing the terrain off the highway to his left, and that he probably could have seen Melvin before the latter reached the pavement, had he looked at the adjoining property. He further testified that he estimated that, when he saw Melvin, he was about fifty feet from him, and that, had he sooner seen the child approaching the highway, he could have stopped his car in time to avoid the accident.

Appellants argue that Mr. Ahl might have avoided the child by turning his car off the highway, and that it should be held, as matter of law, that Mr. Ahl admitted his own negligence.

The trial court instructed the jury upon the emergency rule, telling them that, in a sudden emergency, the conduct of participants in a collision is not necessarily to be judged by the facts as shown on the trial, but that such a participant is entitled to have his acts and conduct considered in the light of the facts as they appeared to him at the time; that the question to be considered by the jury is whether or not the party, during the emergency, acted as a reasonably cautious, prudent driver, under the circumstances, would have acted; and that, if he did so, he cannot be found guilty of negligence, even though he failed to do what the jury might believe would have been the safest or wisest thing for him to have done.

One disinterested witness estimated the speed of the Ahl car at thirty-five miles an hour. Mrs. Ahl's testimony was to the same effect. No witness testified that the car was exceeding this speed, save Mr. Ahl himself, who testified as above stated. The testimony as to how much of the driveway, down which the child ran, could be seen by a driver approaching from the south, was in some conflict. The jury, however, visited the scene of the accident and fully advised themselves as to the situation.

The record contains testimony that, when Mr. Ahl first saw the boy and applied his brakes, he turned his car to the right, at least partially leaving the pavement, but that, when the boy continued to run across the highway in front of the car, Mr. Ahl, in an attempt to avoid striking the child, turned the car to his left. As the car was skidding, the driver did not have ready control of its direction. There is evidence to the effect that respondents' automobile was nowise defective.

Appellants did not except to the instruction permitting the jury to apply the emergency rule above referred to, and the jury were entitled to consider the evidence in the light of this instruction.

We have carefully read the statement of facts, with particular regard to the testimony of respondent Oscar Ahl, to which appellants particularly invite our attention.

Appellants rely upon the case of *Mosso v. Stanton Co.*, 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A, 943, in which a judgment in favor of the plaintiff in an action for personal injuries was reversed and the cause remanded for a new trial. Appellants rely upon that portion of the opinion calling attention to the general rule that the failure of the operator of a vehicle to keep a vigilant lookout is negligence entailing a liability for injury proximately resulting therefrom.

The rule is salutary, but its application to particular cases generally falls within the province of the trier of the facts. Here, appellants admit that the jury was properly instructed as to the law.

In the case of *Pritchard v. Hockett,* 140 Wash. 499, 249 Pac. 989, upon which appellants also rely, this court reversed a judgment of the superior court granting a nonsuit, in an action for personal injuries, and remanded the case for a new trial. Plaintiffs sought to recover damages for injury to their minor child, who was struck by defendants' automobile. This court held that the evidence introduced by the plaintiffs was sufficient to put the defendants upon their proof, and that the trial court erred in granting a nonsuit. The language of the opinion must be considered in the light of the question which this court was called upon to decide, and the situation presented to this court was entirely different from that now before us.

In the case at bar, the child entered the road from respondents' left, at a point other than a road intersection. Respondents would be under a greater obligation to watch for vehicles or pedestrians approaching from their right.

Appellants did not move that the court instruct the jury to bring in a verdict in favor of appellants, on the ground that respondent Oscar Ahl, on the witness stand, admitted his negligence, but, on the other hand, stated that the court's instructions properly advised the jury as to the law of the case.

We are convinced that the evidence was substantially in conflict, and that it cannot be held, as matter of law, that the testimony of respondent Ahl should be considered as admitting his negligence.

The following decisions of this court are pertinent to the question to be here determined.

In the case of *Fleming v. Buerkli,* 164 Wash. 136, 1 P. (2d) 915, we said:

"It has always been the rule of this court that it is not an abuse of discretion to refuse a new trial for insufficiency of the evidence where the testimony was in direct conflict and made questions for the jury, which were submitted on instructions that were not excepted to or were not erroneous."

In the case of *Eastwood v. Seattle,* 169 Wash. 680, 14 P. (2d) 1116, we held that the question of whether or not the trial court erred in granting a new trial because the verdict was against the weight of the evidence involved "only a matter of discretion on the part of the trial court."

In the case of *Crescent Mfg. Co. v. Hansen,* 174 Wash. 193, 24 P. (2d) 604, we said:

"Whether or not a new trial should be granted because of insufficiency of the evidence is addressed to the sound discretion of the trial court, and the ruling thereon will not be disturbed except for manifest abuse of discretion."

In the case of *Parton v. Barr,* 174 Wash. 314, 24 P. (2d) 1070, a situation was presented very similar to that now before us. The action was for personal injuries, and was tried to a jury, which returned a verdict in favor of the defendant. From a judgment of dismissal entered upon the verdict, plaintiff appealed. No trial errors could be considered. The only question to be determined was alleged error of the court in denying plaintiff's motion for a new trial. Concerning this matter, we said:

"It is further argued that the court erred in denying a motion for a new trial on the ground that the evidence was insufficient to justify the verdict. In essential particulars, the evidence was substantially conflicting. The granting or refusal of a new trial under such circumstances is within the discretion of the

trial court, which, as we view the record, was in no sense abused in this action."

In the recent case of *Boyd v. Cole,* 189 Wash. 81, 63 P. (2d) 931, in reviewing an order of the trial court denying a motion for new trial, we said:

"The motion for a new trial was addressed to the sound discretion of the trial court. It is not an abuse of discretion to refuse to grant a new trial where there is some support in the evidence for the verdict."

This case falls within the rule laid down in the cases cited.

Upon the record, it cannot be held that in denying appellants' motion for new trial, the trial court improperly or improvidently exercised its discretion.

The judgment appealed from is affirmed.

BLAKE, C. J., STEINERT, GERAGHTY, and JEFFERS, JJ., concur.