FILED
COURT OF APPEALS
DIVISION II

2015 JUL 21 AM 9: 28

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46222-2-II |
| Respondent, | |
| v. | |
| FRANK ANTHONY BARBARO, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Frank Anthony Barbaro appeals his conviction of unlawful possession of a firearm in the first degree, arguing that the trial court abused its discretion by denying his motion for a continuance and that this ruling violated his due process and Sixth Amendment rights. Because Barbaro does not show that the trial court abused its discretion or that its ruling resulted in prejudice, we affirm the conviction.

## FACTS

When Barbaro tried to pawn a rifle on November 30, 2013, the pawn shop declined the pawn. Police Sergeant Adam Seig was in the pawnshop at the time and followed Barbaro outside and questioned him. Barbaro admitted that he was a convicted felon and that he knew he could not have the rifle. Seig arrested Barbaro and seized the rifle.

The State charged Barbaro with unlawful possession of a firearm in the first degree and unlawful possession of a controlled substance based on methamphetamine found after his arrest. He pleaded not guilty on December 17, and the trial court set the trial to begin the week of February 3, 2014. On February 5, the parties moved to continue the trial date to allow additional time for testing the rifle. The trial court set the trial to begin the week of April 14.

The State then filed a motion in limine to preclude Barbaro from arguing that he did not know the rifle was an operable firearm. At an April 9 status hearing, defense counsel asked for a one-week continuance of the trial date to give him time to research and brief the State's motion. The trial court continued the trial one week and scheduled the State's motion for hearing on April 14. In a written response to the State's motion, defense counsel argued that Barbaro's defense to the firearm charge was that he believed he possessed a replica gun that was merely a collector's piece.

During the April 14 hearing, the State argued that Barbaro's proposed defense was controlled by *State v. Releford*, 148 Wn. App. 478, 200 P.3d 729 (2009). The *Releford* court rejected the argument that a conviction for unlawful possession of a firearm requires proof that the defendant knew not only that he possessed a firearm but also that the weapon was a firearm under Washington law; i.e., that it could be rendered operational in a reasonable time and with reasonable effort. 148 Wn. App. at 495-96. *Releford* also involved the possession of a replica firearm. 148 Wn. App. at 484.

Defense counsel responded that Barbaro should be able to argue that he did not know that the replica firearm was operational and therefore illegal for him to possess. Defense counsel added that if the court granted the State's motion, there would be no trial because Barbaro did not dispute he possessed the rifle. The trial court ruled that *Releford* controlled and that the State did not have to prove that Barbaro knew the weapon he possessed was operable.

On April 16, Barbaro asked the court to continue the trial to the week of May 5. His attorney explained that the court's ruling had precluded him from presenting the defense that he planned to pursue and that he and Barbaro needed some time "to digest what this trial would look like should the case proceed to trial." Report of Proceedings (Apr. 16, 2014) at 5-6. The State

opposed the continuance, explaining that its witnesses were ready after adjusting their schedules to accommodate the previous continuance. The State also noted that there were no developments that defense counsel could not have foreseen. The trial court denied the continuance.

On the first day of trial, Barbaro pleaded guilty to the drug charge. He also stipulated to a prior serious offense. Sergeant Seig then testified to the facts set forth above, and Detective Keith Mercer testified that he witnessed the rifle's successful test firing. He acknowledged, however, that the rifle would not fire until the hammer was properly positioned. Officer Robert Cecil then explained that although the rifle was a replica muzzleloader, it would not fire without modification. He also stated that the rifle did not fire until he figured out how to position the hammer.

After the jury found Barbaro guilty, the trial court imposed a prison-based drug offender alternative sentence.[1] Barbaro appeals.

## ANALYSIS

Barbaro argues that the trial court abused its discretion by denying his motion to continue the trial to the week of May 5. We disagree.

The decision to deny a continuance rests within the sound discretion of the trial court. *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004). We review such a decision for abuse of discretion and will not disturb it unless the appellant shows that the trial court's exercise of decision was manifestly unreasonable or based on untenable grounds. *Downing*, 151 Wn.2d at 272-73.

Barbaro maintains that the trial court's denial of a continuance violated his due process and Sixth Amendment rights by denying him and his attorney adequate time to consult and to prepare for trial. *See State v. Sain*, 34 Wn. App. 553, 558, 663 P.2d 493 (1983) (constitutional right to assistance of counsel includes time for consultation and preparation, the denial of which violates

---

[1] RCW 9.94A.660.

3

due process). Whether the denial of a continuance constitutes a constitutional violation requires a case-by-case inquiry. *Downing*, 151 Wn.2d at 275.

The factors that a trial court may consider in ruling on a motion for a continuance include "surprise, diligence, redundancy, due process, materiality, and maintenance of orderly procedure." *Downing*, 151 Wn.2d at 273. A party establishes that the trial court abused its discretion in denying a continuance by showing "that the accused has been prejudiced and/or that the result of the trial would likely have been different had the continuance not been denied." *State v. Eller*, 84 Wn.2d 90, 95, 524 P.2d 242 (1974).

To find Barbaro guilty of unlawful possession of a firearm in the first degree, the jury had to find that he knowingly had a firearm in his possession or control, that he had previously been convicted of a serious offense, and that the firearm possession occurred in Washington. The trial court further instructed the jury that a firearm "is a weapon or device from which a projectile may be fired by an explosive such as gun powder and which can be rendered operable with reasonable effort and within a reasonable time period." RP (Apr. 21, 2014) at 214-15.

The only issue at trial related to the operability of the rifle. Defense counsel closely cross examined the State's witnesses about the rifle's test firing and focused his closing argument on the theory that the gun malfunctioned during testing and was not operable. In arguing on appeal that defense counsel needed more time to prepare a defense, Barbaro does not explain what other defense, if any, was available. Consequently, he does not show prejudice from the denial of the continuance. He also fails to show that the trial result would have differed had the continuance been granted. The trial court did not abuse its discretion by denying the continuance.

We affirm the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Johanson, C.J.

Bjorgen, J.